UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DEWAYNE FOSTER

      Petitioner,                                             Case No. 11-13553

v.                                                       Hon. Lawrence P. Zatkoff

KENNETH ROMANOWSKI,

      Respondent,
_____/

## OPINION AND ORDER ADOPTING MAGISTRATE
## JUDGE'S REPORT AND RECOMMENDATION

      Petitioner, a state prisoner proceeding *pro se*, filed an application for the writ of habeas corpus on August 15, 2011 [dkt 1]. Thereafter, Respondent filed a Motion for Summary Judgment [dkt 5] seeking to dismiss the application as untimely under 28 U.S.C. § 2244(d). The matter currently before the Court is Magistrate Judge Paul J. Komives' Report and Recommendation [dkt 10] wherein the Magistrate Judge recommends that: (1) Respondent's motion to dismiss the application as untimely be denied; (2) Petitioner's application for the writ of habeas corpus be denied on the merits; and (3) the Court deny a certificate of appealability. Petitioner timely filed objections to the Report and Recommendation.

      After a thorough review of the court file (including the parties' motions and briefs), the Report and Recommendation, and Petitioner's objections to the Report and Recommendation, this Court will adopt the Report and Recommendation and enter it as the findings and conclusions of this Court. Additionally, although Petitioner's objections consist of arguments that were addressed in the Magistrate Judge's Report and Recommendation, the Court will nevertheless briefly address the Petitioner's objections.

      Petitioner appears to argue that: (1) he does not have to show that the juror in question was biased because he was denied his "right" to use his peremptory challenge; (2) his trial counsel's failure to enforce an agreement to dismiss the juror as an alternate foreclosed an opportunity to effectuate a remedy and

denied Petitioner his Sixth Amendment Right to effective assistance of counsel; and (3) a certificate of appealability should issue because he has made a sufficiently substantial showing of the denial of a constitutional right.

First, peremptory challenges are not constitutionally protected fundamental rights; rather, they are but one state-created means to the constitutional end of an impartial jury and a fair trial. *Georgia v. McCollum*, 505 U.S. 42, 57 (1992). The right to a peremptory challenge may be withheld altogether without impairing the constitutional guarantee of an impartial jury and a fair trial. *Id.* (citations omitted). Additionally, a state procedure which lessens the number of a petitioner's peremptory challenges does not provide a basis for habeas relief in the absence of a claim that the jury as selected was not impartial. *See Fox v. Ward*, 200 F.3d 1286, 1293 (10th Cir. 2000). As noted by the Magistrate Judge, Petitioner has not shown or even claimed that the jury, as selected, was not impartial.

Second, with respect to Petitioner's ineffective assistance of counsel objection, he has failed to provide anything to show that his counsel's decision to retain the juror at the conclusion of the trial was not a reasonable strategic decision. Yet, even if Petitioner could make such a showing, he nevertheless must show that the juror was actually biased, which Petitioner has neither shown nor even alleged. *See Miller v. Francis*, 269 F.3d 609, 616 (6th Cir. 2001).

Last, Plaintiff has failed to support his conclusory statement that a reasonable jurist would find that the state court's assessment of his constitutional claims are debatable. As indicated by the Magistrate Judge, any error in the exercise of peremptory challenges is not of constitutional dimension, and even if it were, Petitioner has not alleged that the juror at issue was biased against him. As such, resolution of Petitioner's claim is not reasonably debatable.

Therefore, for the reasons stated above, the Court hereby ORDERS that Petitioner's application for the writ of habeas corpus [dkt 1] is DENIED and this cause of action is DISMISSED WITH PREJUDICE.

3

IT IS FURTHER ORDERED that Respondents' Motion for Summary Judgment [dkt 5] shall be DENIED as moot.

IT IS FURTHER ORDERED that Petitioner's request for a certificate of appealability is DENIED.

IT IS SO ORDERED.

                                                                   s/Lawrence P. Zatkoff
                                                                   LAWRENCE P. ZATKOFF
Dated: September 30, 2012                    UNITED STATES DISTRICT JUDGE